**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GEOFFREY W. ATWELL,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO. 07-4052** |
| **vs.** | : | |
| | : | |
| **MICHAEL J. ASTRUE,** | : | |
| **Commissioner of Social Security,** | : | |
| **Defendant.** | : | |

**ORDER AND MEMORANDUM**

**O R D E R**

**AND NOW,** this 25th day of August, 2008, upon consideration of Plaintiff's Request for

Review and Motion Requesting Review, and the record in this case, and after review of the

Report and Recommendation of United States Magistrate Judge Linda K. Caracappa dated July

24, 2008, and plaintiff's Objection to Report and Recommendation, **IT IS ORDERED** as

follows:

1. The Report and Recommendation of United States Magistrate Judge Linda K.

Caracappa dated July 24, 2008, is **REJECTED**;

2. Plaintiff's Objection to Report and Recommendation is **SUSTAINED**; and,

3. Plaintiff's Request for Review and Motion Requesting Review are **GRANTED IN**

**PART** and **DENIED IN PART**.  The case is **REMANDED** to the Commissioner of the Social

Security Administration in accordance with the fourth sentence of 42 U.S.C. § 405(g) for further

proceedings consistent with the instant Memorandum including, but not limited, a determination

of whether plaintiff was disabled and therefore entitled to disability income benefits during any

time between January 1, 1996, to his date of incarceration, reported to be June 1, 1998.  In all

other respects, plaintiff's Request for Review and Motion Requesting Review are **DENIED**.

## MEMORANDUM

Plaintiff, Geoffrey W. Atwell, filed this action under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.  The Administrative Law Judge ("ALJ") awarded plaintiff social security income ("SSI") benefits but concluded that because plaintiff had worked long enough to remain insured only until June 30, 2001, plaintiff was not eligible for DIB for his disability which, according to plaintiff's attorney, commenced on June 22, 2004.  Plaintiff objects to the Report and Recommendation because he claims the onset date of his disability was January 1, 1996, the date set forth in the Request for Review, not June 22, 2004.

The disability onset date was amended to June 22, 2004, by plaintiff's attorney at the hearing before the ALJ.  Counsel apparently did so because plaintiff was released from prison on May 22, 2004.

According to the Objection, plaintiff was in prison from June 1, 1998, to May 22, 2004. While in custody, he was not entitled to DIB benefits.  42 U.S.C. § 402(x)(1)(A)(i). Significantly, that period of incarceration does not automatically deprive plaintiff of claimed benefits for the period from January 1, 1996, to his reported date of incarceration, June 1, 1998.

The decision of the ALJ states only that plaintiff was disabled and entitled to SSI benefits.  The decision does not address the original claimed onset date of January 1, 1996, and whether plaintiff was disabled at any time between that date and the date on which he was incarcerated, reported to be June 1, 1998.  Accordingly, the case is remanded to the Commissioner of the Social Security Administration pursuant to the fourth sentence of 42 U.S.C.

2

§ 405(g) for a determination as to whether plaintiff was disabled and therefore entitled to DIB during that period.

**BY THE COURT:**


**/s/ Honorable Jan E. DuBois**
**JAN E DUBOIS,  J.**